Arwell, Inc. v. Commissioner.
Arwell, Inc. v. Commissioner
Docket No. 47549.
United States Tax Court
T.C. Memo 1954-136; 1954 Tax Ct. Memo LEXIS 110; 13 T.C.M. (CCH) 829; T.C.M. (RIA) 54242; August 24, 1954, Filed *110 C. C. Chapelle, Esq., Alden, Mich., for the petitioner. Edward L. Newberger, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,207.78 in the income tax of the petitioner for 1949. The only issue for decision is whether the petitioner is entitled to deduct $22,500 as an ordinary and necessary expense of its business or as "cost of operations". Findings of Fact The petitioner filed its return for 1949 with the collector of internal revenue for the First District of Illinois. It successfully conducted a fumigation and pest control business in Waukegan, Illinois. The petitioner purchased the business of Patrick H. Maloney, doing business as the Bay Exterminating Company of Green Bay, Wisconsin, under a contract dated February 26, 1949. The purchase price of $22,500 was paid during 1949. Maloney represented that he had valid annual pest control contracts for gross business in excess of $20,000 and received additional gross income of about $17,000 from orders and desired to sell all of his business, except accounts receivable and payable, merchandise, equipment, furniture, fixtures and automobile, *111 and retire. He agreed to assign and warrant his interest in the contracts and orders, good will, and trade name; to furnish a complete list of his customers; to cooperate with the purchaser in every way; to operate the Green Bay business for the purchaser during March 1949; and not to compete. He represented that he had an agreement with his employees whereby they could not compete. He agreed that if the purchaser's cash receipts from the service contracts furnished did not amount to $20,000 by February 28, 1950, he would pay the difference to the purchaser. The petitioner, in entering into the agreement, expected that many customers obtained would continue as customers in later years. The petitioner received little cooperation from Maloney and had some difficulties and disappointments in its Green Bay operations. The $22,500 was originally charged to expense on the books of the petitioner but auditors at the end of 1949 charged $17,300 to good will and $5,200 to bad debts. The Commissioner, in determining the deficiency, disallowed the deduction of $5,200 claimed for bad debts. The evidence does not show that any bad debt resulted in 1949 from the transaction with Maloney. *112 The evidence does not show that any part of the $22,500 paid to Maloney in 1949 was an ordinary and necessary expense of the petitioner's business or a cost of operation. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner has abandoned all claim that any part of the $22,500 paid to Maloney was deductible for 1949 under the bad debt provisions of the Internal Revenue Code. It claims that the amount is deductible as cost of operations, in lieu of amounts which otherwise would have been expended to obtain business, or as ordinary and necessary expenses of its business. The record fails to support these contentions. The expenditure was not paid to produce for one year only the gross business mentioned in the contract. It was for a capital asset, the going business of Maloney in Green Bay, including current contracts, customer lists, and good will, if any. ; affirming ; Anchor Cleaning Service, Inc., 22 T.C. -, (8/10/54). Decision will be entered for the respondent.